UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSTIN JOSE AROCHA CASTILLO,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2297

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.10.)[1]

[1] Petitioner also filed a motion asking the Court to order Respondents to take certain actions during the pendency of this action. (ECF No. 3.) Because this Opinion resolves Petitioner's action,

In an Order entered on August 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 8.) Respondents filed their response on August 18, 2026, (ECF No. 9).

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2024. (Pet., ECF No. 1, PageID.4.) On July 16, 2026, ICE arrested Petitioner. (*Id.*, PageID.5.)

On August 12, 2026, after Petitioner filed his petition, the Immigration Court ordered Petitioner's removal from the United States. (Immigration Judge Order, ECF No. 9-4, PageID.55.) Petitioner waived his right to appeal the removal order to the Board of Immigration Appeals (BIA).[2] (*Id.*)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

Petitioner's pending motion, asking that Respondents be ordered to take certain actions during the pendency of this action, is moot.

[2] Petitioner waived appeal to the BIA, and the Court notes that no appeal has been filed with the BIA. (*See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "244752275" for the A-Number, select "Venezuela" for the Nationality, and select Submit) (last visited Aug. 25, 2026).

## IV. Analysis

As noted above, on August 12, 2026, the Immigration Court ordered that Petitioner be removed from the United States, and Petitioner waived his right to appeal the removal order to the BIA. (*See* Immigration Judge Order, ECF No. 9-4, PageID.55 (stating that "both parties have waived appeal").)

Because Petitioner waived appeal to the BIA, Petitioner's order of removal is administratively final, and at this time, Petitioner's detention is governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[3]

---

[3] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge